Daniel, J.
The counsel for the defendant insists, that though the instructions of the Circuit court may have been erroneous, yet this court ought not therefore to reverse; in as much as the supposed error could not have been prejudicial to the plaintiff. He refers to that provision of the deed by which Harmons is permitted to retain possession of the slave till the 1st day of August 1839 ; and says that the trustee had no right to sell under the deed, and was not bound to institute any action to recover the possession of the slave, until the day last mentioned; and that as he *93 obtained the possession and made the sale within five years thereafter, the possession of the plaintiff had not, at the date of the sale, matured into a title to the slave, or the proceeds of her sale.
I do not think that this, view of the case has been successfully met.
It is true that the bill of exceptions does not purport to set out all the evidence in the cause; and it is also true, that it is not necessary for a party excepting to instructions to state any facts except such as are necessary to present the precise point ruled against him and excepted to; and that it thence follows that the action of the appellate court is properly restricted, (as a general proposition,) to the consideration of the question of law so raised by the facts, and alleged by the party excepting, to have been erroneously decided against him in the court below. Yet I apprehend it is equally true that the facts thus exhibited must disclose an error material to the issue, and operating to the prejudice of the party excepting; that the party asking the reversal of a judgment on the score of an erroneous instruction on the trial, must at least, show that he had probably sustained injury thereby.
Now, I do not perceive in what regard the plaintiff could have been injured by the instructions. The injury, which he imputes to them, is, that they cut him off from making a case on his five years’ possession. But the facts which he sets out for the purpose of exhibiting the supposed error of the court, show at the same time, that the fate of his case, as resting on that foundation, must have been the same, though the ¿instructions had not been given. For there is no proof that the trustee had any notice of the transaction between Harmons and the plaintiff, or of the removal of the slave from the county of Madison; and Harmons having, by the express terms of the deed, a right to retain the possession till the 1st of August 1839, I *94 hold it to be clear that the statute of limitations could not begin to run against the trustee till that period. Joyner v. Vincent, 4 Dev. & Bat. 512.
The plaintiff consequently could not have been prejudiced by the decision of the point ruled against him: For whether we refer the commencement of the running of the limitation to the period fixed by the instructions, on the 16th of October 1839, one year after the date of the agreement between Harmons and Colvin, or to the 1st of August 1839, the result is the same. The sale by the trustee in the spring of 1844 was, in either aspect, before he had lost his right to maintain an action for the recovery of the possession of the slave. The plaintiff’s own statement of his case thus showing that his possession and claim of title had not, by lapse of time, ripened into a perfect right to the property, as against the trustee, at the time of the sale, his claim, to recover the proceeds of her sale, as founded on his adversary possession, must consequently have failed, though the instructions had not been given.
As this view of the cáse disposes of it, it becomes unnecessary to consider other questions discussed at the bar.
I am for affirming the judgment.
The other judges concurred in the opinion of Daniel, J.
Judgment affirmed.